Tommy Bell

v.

Ayers & Stolte, P.C., et al.

November 20, 1997

Case No. LB-2628-3

BY JUDGE MELVIN R. HUGHES, JR.

This is a legal malpractice case. Pending for decision now is defendants' Plea in Bar. The Plea is based on the question of the statute of limitations applicable in an underlying case, a medical malpractice proceeding, in which the defendants, a law firm and a lawyer in the firm, represented plaintiff. In the Plea, defendants state that they cannot be held liable for legal malpractice in their representation because the applicable limitation period as to the health care providers named in the underlying case had run before plaintiff retained defendants. Plaintiff, on the other hand, contends that his claim against all defendants was still valid when he retained defendants.

(Defendants' Plea asserts that plaintiff's claim should be dismissed due to the statute of limitations issue as to all defendants in the underlying action. In their memorandum in support of the Plea, defendants focus only on two of the four health care providers named in the underlying case. The court will consider the question as to the health care providers mentioned in the memorandum.)

The relevant dates disclosed through discovery are as follows.

Plaintiff was treated at Stuart Circle Hospital from October 26, 1992, through October 28, 1992.

During that hospitalization a nurse employed by Stuart Circle inserted a tube into plaintiff's chest.

October 28, 1992, plaintiff was discharged from Stuart Circle.

November 17, 1992, plaintiff was informed the tube was still in his chest.
November 19, 1992, plaintiff was readmitted to Stuart Circle Hospital.
November 2, 1994, plaintiff retained defendants.
November 22, 1994, defendants filed suit for plaintiff.

In the underlying case, plaintiff sued two doctors, Stuart Circle Hospital, and a nurse employed at the hospital. With respect to the statute of limitations issue, plaintiff alleges in Count 15 of the Motion for Judgment.

> Plaintiff's case was dismissed due to the negligence of J. Flippo Hicks, Jr., and Ayers and Stolte. They failed to file the motion for judgment within the time fixed by the applicable statute of limitations.

Defendants' memorandum in support of the Plea addresses this issue as to two health care providers named in the underlying case, namely, the hospital and the nurse.

Plaintiff relies on the continuing treatment rule under *Justice v. Natvig*, 238 Va. 178 (1989), arguing on brief that "[t]he allegedly negligent treatment given Bell occurred during a continuous and uninterrupted treatment by Dr. Robertson and the medical facility at which the negligence took place, Stuart Circle Hospital." Alternatively, plaintiff contends that, if the two year statute of limitations period applies from the date plaintiff was informed about the tube, defendants should have filed plaintiff's action no later than November 17, 1994.

Defendants argue first that the continuing treatment rule in the cases does not apply to hospitals and nurses. Second, when plaintiff was discharged from Stuart Circle on October 28, 1992, there was no expectation of a continuing relationship between the hospital and plaintiff.

This court sustained the hospital's and the nurse's statute of limitations pleas in the underlying case.[1] The court agrees with that ruling. The question in this case is whether the defendants were negligent in the representation by failing to file some time sooner than they did, November 22, 1992, after they were retained on November 2. The court finds that the applicable limitation period for medical malpractice actions against the hospital and the nurse in the underlying case was two years pursuant to § 8.01-243(A). Further under § 8.01-243(C)(1) in the words of the statute:

---

[1] Plaintiff nonsuited his claim against the first doctor. The court granted the second doctor's plea of the statute of limitations.

the two year statute of limitations period shall be extended in the actions for malpractice against a health care provider . . .

1. In cases arising out of a foreign body having no therapeutic or diagnostic effect being left in the patient's body for a period of one year from the date the object is discovered or reasonably should have been discovered ... .

Plaintiff received treatment at the hospital and from the nurse for a discrete period ending on October 28, 1992, with no implication of the continuing treatment rule. However, the court finds from the time of discovery of the tube under § 8.01-243(C)(1) a two year statute of limitation applies. Thus, the claim was not filed in time after defendants were engaged.

Accordingly, the court overrules defendants' Plea as it relates to the claims of negligence for failing to timely file against the hospital and the nurse in the underlying action.